# Supreme Court

## Panel 1

This is Certified Copy

## Decision                        2018.10.25.

Supreme Court 7 Grade

Administrator Han Sang-soo

| | |
|---|---|
| Case 2017Do12125 | A. Preparation of False Public Document |
| | B. Uttering of Falsified Public Document |
| | C. Acceptance of Bribe |
| | D. Violation of the Act on the Aggravated Punishment, Etc. of Specific Crimes (Bribe) |
| | E. Receiving of Bribe by Breach of Trust |
| | F. Delivery of Bribe |
| | G. Giving Bribe by Breach of Trust |
| Defendant | 1. A.B.C. |

Choi Yoon-hee (540606-0000000), Unemployed

Address    (Resident) 804 Dong-1902 Ho, 411, Guseong-ro, Giheung-gu, Yongin-si, Gyeonggi-do, Republic of Korea (Cheongdeok Dong, Mulpuremaeul Hoban Bertium 8 Danji Apt).

Place of Registration    Dugok-Ri, Mado-myeon, Hwaseong-si, Gyeonggi-do, Republic of Korea

2. D.E.

Jeong Hong-yong (540621-0000000), Unemployed

Address    301Ho (Shindang-Dong Gallery House), 241, Dongho-ro 17-gil, Jung-gu, Seoul, Republic of Korea

Place of Registration    2-78, Shingyo-Dong, Jongno-Gu

3. D.

Shim Gyeong-uk (571007-0000000),    KIDA (Korea Institute for Defense Analyses)

Address    3Dong, 309Ho (Oksu-Dong Hannam Heights Villa), 22, Dokseodang-ro 39-gil, Seongdong-gu, Seoul, Republic of Korea

Place of Registration    515-44, Gangseo-Gu, Deungchon-Dong

4. F.G.

Ham Tai-heon (Date of birth March 3, 1956), Representative Director

Address    101Dong 614Ho (Yeouido-Dong, Yeouido The Sharp Island Park), 38, Uisadang-daero, Yeongdeungpo-gu, Seoul, Republic of Korea

Nationality: The United States of America

Appellant    Prosecutor (against the Defendants)

The Defense Counsel    Law firm Choeum

Attorney Lee Dong-myung (Counsel for Defendant Choi, Yoon-hee)

Yul Chon LLC

Attorneys Jeong Tae-hak, Cho Hee-tae (Counsel for Defendant Jeong Hong-yong)

Attorneys Jeong Moo-shik, Cha Joong-yong (Counsel for Defendant Shim Gyeong-uk)

BKL LLC

Attorneys Koh Gyung-nam, Yoon Yeo-hyeong (Counsel for Defendant Ham Tai-heon)

Judgement of the court below    Seoul High Court Decision 2016No3874 Decided July 13, 2017

Decision    October 25, 2018

# Disposition

All of the final appeals are dismissed.

# Reasoning

The grounds of appeals are examined.

1. On acceptance of bribe of the Defendant Choi Yoon-hee and delivery of bribe of the

Defendant Ham    -heon to the Defendant Choi, Yoon-hee

A. The burden of proof for the facts of criminal conduct in a criminal trial is on the prosecution and the decision of guilt shall be based on evidence that has the power to convince the judge that the charges are true beyond reasonable doubt. This legal doctrine shall be applied equally to determine if the nature of the money received is a bribe. Thus, unless there is evidence that the nature of the money received is bribe and the charges are true beyond reasonable doubt, even if the accused is suspected of guilt, it shall be judged in favor of the defendant (See Supreme Court Decision 2011Do7261 Decided November 10, 2011, Supreme Court Decision 2012Do6280 Decided August 30, 2012 etc.).

B.  The lower court reversed the first instance judgement that the Defendants are guilty and acquitted the Defendants of the facts charged. The reason for this is that there is no evidence to exclude the reasonable doubt about the charge that Choi, Si-myung, the son of Defendant Choi Yoon-hee, accepted 20 million Korean Won from Defendant Ham Tai-heon for the bribe to Choi, Yoon-hee and it is not for the investment in his new business.

In light of the records and the legal doctrine mentioned above, the Reasoning of the Decision of the lower court is justifiable and, contrary to the allegations contained in the ground of appeal, the lower court did not fail to exhaust all necessary deliberations and as such did not err by deviating from the limit of the principle of free evaluation of evidence in contravention with the rule of logic and experience or by misunderstanding the legal principles of the crime of bribery.

2. On preparation of false public document and uttering of falsified public document of the Defendant Choi Yoon-Hee

The lower court uphold the first instance judgement that the Defendant is not guilty for the same Reasoning that there was no proof for the alleged crime.

In light of records, the Reasoning of the Decision of the lower court is justifiable, and contrary to the allegations contained in the ground of appeal, did not err by deviating from the limit of the principle of free evaluation of evidence in contravention with the rule of logic and experience or by misunderstanding the legal principles of the crime of preparation of false public document.

3. On receiving of bribe by breach of trust of the Defendant Jeong Hong-yong and giving bribe

by breach of trust of the Defendant Ham Tae-heon to the Defendant Jeong Hong-yong.

The lower court reversed the first instance judgement that the Defendants are guilty and acquitted the Defendants of the facts charged.

> The reason for this is that there is no proof beyond reasonable doubt of a common perception or understanding between the Defendants that property or pecuniary advantage received from Defendant Ham Tai-heon was in connection with the duty which the Defendant Jeong Hong-yong is to perform as a public official. In light of the records, the Reasoning of the Decision of the lower court is justifiable and, contrary to the allegations contained in the ground of appeal, the lower court neither failed to find the truth and nor err by deviating from the limit of the principle of free evaluation of evidence in contravention with the rule of logic and experience or by misunderstanding the legal principles of the 'illegal solicitation' concerning his/her duty by receiving and giving bribe by breach of trust.

4. On violation of the act on the aggravated punishment, etc. of specific crimes (bribe) of the Defendant Jeong Hong-yong and delivery of bribe of the Defendant Ham Tai-heon

   A. In the case of bribery, if the receiver acknowledges the fact that he received money from the provider but claims that it is not bribe but loan, whether the money is loan or bribe shall be determined by taking consideration the totality of the objective circumstances that appear by evidences including motive leading up to the acceptance of money, way of delivery and its details, the relationship between the bilateral parties, their title, occupation and career, necessity of borrowing, availability of loan from other source, amount and usage, provider' economic situation and expected profits relating to the delivery, whether the delivery is with or without security, term of repayment and interest, whether principle and interest are duly paid or not, and the possibility of enforcing the obligor in case of default, etc. (See Supreme Court Decision 2012Do6280 Decided August 30, 2012, Supreme Court Decision 2009Do4386 Decided September 30, 2009, etc.).

   B. The lower court reversed this part of the first instance judgement that the Defendants are guilty and acquitted the Defendants of the facts charged.

   > The reason is that there is no evidence to exclude a reasonable doubt about the fact that Jeong Gu-hyun, the son of Jeong Hong-yong did not receive 40 million Korean Won as a loan for studying abroad, but for the bribe to Jeong Hong-yong from Defendant Ham Tai-heon.

   In light of records and the foregoing legal doctrine, the Reasoning of the Decision of the lower court is justifiable and, contrary to the allegations contained in the ground of

appeal, the lower court did not fail to exhaust all necessary deliberations and as such did not err by deviating from the limit of the principle of free evaluation of evidence in contravention with the rule of logic and experience or by misunderstanding the truth.

5. On violation of the act on the aggravated punishment, etc. of specific crimes (bribe) of the Defendant Shim Gyeong-uk and delivery of bribe of the Defendant Ham Tai-heon

   A.  As Article 129 (1) of the Criminal Act is applied when a public official receives a bribe in connection with his / her duties and apart from this, in light of Article 130 of the Criminal Act which stipulates that a public official who causes a bribe be to be given to a third person shall be punished as violation of regulation on bribery to third party, when a public official does not receive bribe directly, acceptance of bribery under the Article 129(1) can be established only if the acceptance, as like as receiving through a servant or agent of the public official, can be evaluated by a social common notion as the same as the public official receive the bribe directly (See Supreme Court Decision 2016Do3540 Decided June 23, 2016, ect.)

   B.  The lower court uphold this part of the first instance judgement that the Defendants are not guilty.

   The reason for this is that Hyosung Ion Plating Ltd. borrowed 100 million Korean Won without interest from Selectron Korea Co., Ltd., but the foregoing financial benefit is difficult to be evaluated as the same as Defendant Shim Gyeong-uk, by a social common notion, received directly the financial profit from the interest-free loan. In light of records and the foregoing legal doctrine, the Reasoning of the Decision of the lower court is justifiable and, contrary to the allegations contained in the ground of appeal, the lower court did not fail to exhaust all necessary deliberations and as such did not err by deviating from the limit of the principle of free evaluation of evidence in contravention with the rule of logic and experience or by misunderstanding the truth.

6. On giving bribe by breach of trust of Defendant Ham Tai-heon to Im Chi-gyu

   The lower court reversed this part of the first instance judgement that the Defendants are guilty and acquitted the Defendants of the facts charged.

   The reason is that there is no proof that Defendant Ham Tae-heon offered money to Im Chi-gyu in exchange of illegal solicitation. In light of the records, the Reasoning of the Decision of the lower court is justifiable and, contrary to the allegations contained in the ground of appeal, the lower court did not err by deviating from the limit of the principle

of free evaluation of evidence in contravention with the rule of logic and experience or by misunderstanding the legal principles of the 'illegal solicitation' concerning his/her duty by receiving and giving bribe by breach of trust.

7. Conclusion

Therefore, all appeals are dismissed, and it is so decided as per Disposition by the assent of all participating Justices on the bench.

Justice  Park Jung-hwa (Presiding Justice)

     Kwon Soon-il (Justice in Charge)

     Lee Ki-taek

     Kim Seon-soo