

2020.02.19

## Supreme Court of Korea

## 11th Criminal Division



Original Copy
2020. 2. 17.
Seoul High Court
Secretary Sohn, So Eul

## Decision

| | |
|---|---|
| The Case | 2019Ko106 Criminal Indemnity (2016No3874 Exertion of false official documents, etc.) |
| Claimant | HAM TAI HEON, Date of Birth March 3, 1956), et al. Address 101Dong 614Ho (Yeouido-Dong, Yeouido The Sharp Island Park), 38, Yeongdeungpo-gu, Seoul, Republic of Korea Nationality The United States of America |
| Counsel for Claimant | Attorney Kang, Seoung Man |
| Judgement of Acquittal | Seoul High Court Decision 2016No3874 decided July 13,2017 |

## Main Text of Judgement

The claimant shall be paid KRW 60,000,000 as compensation for detention and KRW 8,060,000 as compensation for expenses.

## Text of Determination

### 1. Affirmation of Acquittal

According to the records, each of the following facts is acknowledged.

A. The claimant was arrested on November 9, 2015 and detained for 2 days in a case of bribery, malpractice, and after being prosecuted in Seoul Central District Court 2015 Gohap 1203, on November, 18, 2016, the claimant was sentenced to two years in prison and put under court custody (However, the bribery of Shim, Gyeong-Uk received the verdict of not guilty).





B. In response, the claimant and the prosecutor appealed, and the appeals court (Seoul Supreme Court 2016 No. 3874) dismissed the prosecutor's appeal on the innocent party on July 13, 2017, annulled the original decision to convict and release the claimant.

C. The prosecutor appealed to the Supreme Court's 2017Do12125 despite the appeal's decision, but the Supreme Court dismissed the appeal of the prosecution on October 25, 2018, sustaining appellate judgement.

D. The claimant hired the law firm Suro and the law firm Jiyou for the first trial, the law firm Suro and the law firm (limited) BKL for the appeals trial and the law firm (limited) BKL for the trial at the Supreme Court in the above case.

## 2. Grounds for Determination

### A. Criminal Compensation for Detention

#### 1) Right to Claim Criminal Compensation

According to the above finding of facts, the claimant was detained for a total of 240 days from November 9, 2015 to November 10, 2015, and from November 18, 2016 to July 13, 2017, due to a criminal case where the conviction was confirmed and therefore, the claimant is entitled to claim compensation for detention to the State pursuant to Article 2 (1) of the Act on the Honor Restoration and Compensation (hereinafter referred to as the "Criminal Compensation Act").

#### 2) Scope of Criminal Compensation

Article 5 (1) of the Criminal Compensation Act, and Article 2 of the Enforcement Decree of the Act define the lower limit on the compensation as the first minimum daily wage prescribed by the Minimum Wage Act of the year in which grounds for claiming compensation occur per day and the upper limit as five times the minimum daily was prescribed the same Act in the year in which grounds for claiming compensation occur per day.



Therefore, the lower limit of the compensation is KRW 60,240 per day, and the upper limit is KRW 301,200 per day (= KRW 60,240 * 5).

Considering all the circumstances set forth in Article 5 (2) of the Criminal Compensation Act, including the types and periods of detention in the records, the extent of losses received during the period of detention, mental distress, and degree of occupation and life, it is deemed appropriate to set the compensation claimed by the claimant as KRW 250,000 per day for 240 days without exceeding the amount prescribed by the above laws, and, therefore, the criminal compensation for the claimant is KRW 60,000,000 (= KRW 250,000 * 240 days)

3) Summary of Order

The State is obliged to pay the claimant KRW 60,000,000 in criminal compensation for detention.

B. Criminal Compensation for Expenses

1) Right to Claim Compensation for Expenses

Since the conviction against the claimant was confirmed, the claimant can claim compensation for expenses incurred in the trial against the State pursuant to Article 194-2 (1) of the Criminal Procedure Act, unless otherwise specified. The scope of the cost compensation is limited to the compensation for the persons who were defendants or their counsel, and any travel expenses for preparing for trial and attending on the date of the trial, daily expenses, lodging fees, and remuneration for lawyers.

2) Scope of Criminal Compensation

A) Claimant's travel expenses · Daily allowance

The claimant attended a total of 18 trials in the first trial. As for travel expenses, daily wages, and lodging fees of the claimant, the provisions regarding witnesses are applied in the Law on the Criminal Procedure Costs Act (hereinafter referred to as the 'Criminal Procedure Costs Act'), in which stipulates



in the Article 3 (1) that a witness shall be paid according to the number of days, also Article 2 stipulates that the amount of the daily allowance shall be determined by the court within the limits set by the Supreme Court Regulations. Also, Article 2 of the Criminal Procedure Cost Regulations stipulates that the daily allowance is determined by the Supreme Court within the budget every year, which the daily allowance for the witnesses is KRW 50,000 as of 2016.

While Article 4 (1) of the Criminal Procedure Costs Act stipulates that the witness's travel expenses shall be fare and other equivalents, Article 3 (1) of its Regulations prescribes that items of other expenses corresponding thereto are determined as food expenses, and Article 3 (2) stipulates that domestic travel expenses and the lodging charges of a witnesses, etc. under Article 4 (2), Article 5 (2) of the Act shall be the payment for a person subject to Article 10 (1), Article 11 (1), Article 12 (1), Article 13 (1) and Category 2 of Schedule 2 "Domestic Travel Expenses" of Article 16 (1) of the Public Officials' Travel Expense Regulations. The Regulations stipulates that the food expense for a person subject to Category 2 is KTW 20,000 per day, and the fare is the actual cost.

Therefore, for the claimant, KRW 1,260,000 {= (KRW 50,000 per day +) at the cost of the defendant. It is reasonable to compensate for the cost of food (KRW 20,000) * 18 days} (there is no evidence to calculate the actual cost for the fare).

B) The Expenses Compensable to the person who was a defense counsel

According to Article 194-4 (1) of the Criminal Procedure Act, the scope of expenses compensable for a person who was a defense counsel shall be determined pursuant to same Law Article 194-2 of the Criminal Procedure Costs Act, which the provisions regarding public defender shall be applied.

According to Article 8 (2) of the Criminal Procedure Costs Act and Article 6 of the Criminal Procedure Costs Regulations, the renumeration for a public defender is paid annually within the scope of the budget at the Supreme Court meetings, and is paid according to the appellate division according to deliberation, which takes into account of the contents and the time taken to deal with the case, so that the judge can increase the amount within the budget.



The renumeration for a public defender under Article 14 (1) of the Rules on Public Lawyers may be increased up to 5 times the amount set by the Supreme Court, and the renumeration for criminal case public defender in 2016, 2017, and 2018 set by the Supreme Court was KRW 400,000 for the trial of the first trial criminal case, and KRW 300,000 for other cases.

Considering the difficulty of the above case, the content of the job performed by the public defender, and the time spent for the case, the payment for each public defender is estimated to be KRW 3,200,000 (= KRW 400,000 * 4 * 2) for the first trial, and KRW 2,400,000 for the appeal trial (= KRW 300,000 * 4 * 2) and KRW 1,200,000 (= KRW 300,000 * 4) for appeals.

Therefore, expense compensable for the defense counsel to be paid to the claimant is KRW 6,800,000 (= KRW 3,200,000 + KRW 2,400,000 + KRW 1,200,000). In addition to the compensation for the defense counsel, the claimant also claims to seek the payment of the expenses required for the first trial and appeals for defense counsel to appear at the hearing date, etc., however, the subject of the Criminal Procedure Cost claim must be the expenditure paid by the defendant's obligation to repay in a conviction, such as the burden of the defendant's reimbursement on the expenditure of the third party, which is already included in the compensable expenses and cannot be considered as a subject of criminal charges. However, daily attendance and travel expenses due to attendance, such as the trial date of the defense counsel in the above criminal case, were taken into account as a reason for the increase in compensation for the defense counsel.

3) Summary of Order

The State is obliged to pay the claimant KRW 8,060,000 (= KRW 1, 260,000 +



KRW 6,800,000) as criminal compensation.

### 3. Conclusion

The State is obliged to pay the claimant KRW 60,000,000 as criminal compensation for detention and KRW 8,060,000 as criminal compensation for expenses, so it is decided as the text of determination.

February 14, 2020.

| | | |
|---|---|---|
| Presiding Justice | Justice | Goo, Ja Heon |
| | Justice | Cho, Jin Goo |
| | Justice | Lee Enunae |